**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jennifer L. Christopherson, | ) | No. CV 09-1005-PHX-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Michael Astrue, Comm. of the Social Security Administration, | ) ) ) | |
| Defendant. | ) ) ) | |

In 2006, Plaintiff applied for social security disability benefits. Doc. 20 at 1. After various proceedings, the agency denied her application on March 19, 2009. *Id.* at 2. Plaintiff then appealed that denial to the District Court. Doc. 1. In 2010, the District Court affirmed the denial of benefits. Doc. 20 at 20. Plaintiff then appealed to the Ninth Circuit Court of Appeals ("Ninth Circuit"). Doc. 22. The Ninth Circuit reversed the denial of benefits. Doc. 26.

The issue currently before this Court is the meaning of the Ninth Circuit's reversal. More specifically, Plaintiff argues that the reversal was for an immediate award of benefits. Defendant argues that the reversal was for further proceedings. The Ninth Circuit's Memorandum is silent on this issue. Doc. 26-1 at 1-5. This Court requested further briefing. Thus, currently pending before the Court is Plaintiff's motion to remand for benefits (Doc. 31), Defendant's response to the motion (Doc. 32), and Plaintiff's reply (Doc. 35).

Generally, an action should be remanded for the immediate award of benefits when

1 the following three factors are satisfied:

2     (1) the ALJ has failed to provide legally sufficient reasons for rejecting
3 evidence, (2) there are no outstanding issues that must be resolved before a
determination of disability can be made, and (3) it is clear from the record that
the ALJ would be required to find the claimant disabled were such evidence
4 credited.

5 *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000) (quoting

6 *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

7     In this case, the Ninth Circuit held that the ALJ did not give sufficient reasons for

8 rejecting the treating physicians' testimony, nor did the ALJ give sufficient reasons for

9 rejecting Plaintiff's symptom testimony. Doc. 26-1 at 1-5. Thus, prong one from *Harmon*

10 is satisfied.

11     Next, Plaintiff points out that in remanding, the Ninth Circuit did not specify any

12 further evidence or further proceedings that would be required in this case. Doc. 35 at 3.

13 Plaintiff also notes that the Ninth Circuit did not mention the credit-as-true-rule; thereby

14 neither applying it, nor rejecting its application. *Id*. Thus, Plaintiff argues that the Ninth

15 Circuit left it to this Court to, "craft the appropriate remedy under the facts of this case." *Id*.

16     Conversely, Defendant argues that Plaintiff argued credit-as-true at length to the Ninth

17 Circuit and the Circuit did not apply it; thus, Defendant concludes that the Ninth Circuit

18 implicitly rejected it. Doc. 32 at 3. Further Defendant cites many Ninth Circuit cases in

19 which the Court reversed and remanded for an immediate award of benefits and argues that

20 by not doing so in this case, the Ninth Circuit implicitly remanded for further proceedings.

21 *Id.*

22     Finally, both parties conclude with legal arguments regarding the appropriate use of

23 remand in social security cases. Specifically, citing *Moisa v. Barnhart*, 367 F.3d 882, 887

24 (9th Cir. 2004), Plaintiff argues that the ALJ should not have another opportunity to evaluate

25 the evidence and write an opinion on that evidence when the ALJ's opinion has already been

26 held to be deficient. Defendant, citing *Strauss v. Comm'r of Soc. Sec. Admin*., 635 F.3d

27 1135, 1137 (9th Cir. 2011), argues that this Court cannot award benefits to a person who has

28 not established that she is disabled as a sanction for ALJ errors. Doc. 32 at 4. Further, also

citing *Moisa*, Defendant argues that remand for further proceedings is the appropriate remedy except in rare circumstances. Doc. 32 at 2 (citing *Moisa*, 367 F.3d at 886).

Neither parties' arguments are inconsistent with the Ninth Circuit's decision in this case. However, the Ninth Circuit has noted repeatedly that remand for "additional investigation or explanation" is appropriate in all but rare circumstances. *Hill v. Astrue*, Slip Op. 10-35879 at 8861 (9th Cir. Aug. 7, 2012). Because the Court finds no rare circumstances here that warrant a remand for benefits and because further vocational testimony is likely required (Doc. 32 at 7) this Court will remand for further proceedings.

Also pending is Plaintiff's motion for attorney's fees. Plaintiff correctly recounts that she is entitled to attorney's fees under the Equal Access to Justice Act if Defendant's position was not substantially justified. Doc. 37 at 5. Here, the Court has read the decision affirming the denial of benefits at Doc. 20. While the Court recognizes that the Ninth Circuit reversed that decision; the Court nonetheless finds the reasoning of that decision shows that Defendant's position was substantially justified. As a result, the Court will deny fees under the Equal Access to Justice Act.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to remand for a determination of benefits (Doc. 31) is denied. Defendant's request to remand for further proceedings (Doc. 32) is granted. Thus, consistent with the Mandate in this case (Doc. 26), the decision of the ALJ is reversed and this case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for the ALJ to consider all evidence in this case as specified above; the Clerk of the Court shall enter judgment consistent with this Order. The ALJ should reconsider all evidence in this case, pose additional questions to the vocational expert, as necessary, and make a new determination, de novo, regarding Plaintiff's entitlement to benefits.

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (Doc. 36) is denied.

/ / /

/ / /

1  **IT IS FURTHER ORDERED** that Defendant's motion to stay briefing on the motion for attorney's fees (Doc. 39) is denied as moot.

DATED this 13th day of August, 2012.

James A. Teilborg
United States District Judge